UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH BRIDGES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:08CV1919 JCH |
| ) | |
| DAVE DORMIRE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Missouri State prisoner Kenneth Bridges' pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for disposition.

On June 5, 2003, a jury in the Circuit Court of St. Charles County, Missouri, found Petitioner guilty of one count of assault in the first degree and one count of armed criminal action. Petitioner was sentenced as a prior and persistent offender to concurrent terms of twenty years imprisonment on the assault conviction, and five years on the armed criminal action conviction. Petitioner's convictions and sentence were affirmed on appeal. State v. Bridges, 148 S.W.3d 852 (Mo. App. 2004). Petitioner thereafter filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which was denied without an evidentiary hearing.[1] (Resp. Exh. G, PP. 13-39, 41-47). The Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction motion. Bridges v. State, 249 S.W.3d 234 (Mo. App. 2008).

Petitioner is currently incarcerated at the Jefferson City Correctional Center in Jefferson City, Missouri. In the instant petition for writ of habeas corpus, Petitioner raises the following six claims

---

[1] By agreement of counsel for Petitioner and counsel for the State, depositions of witnesses were submitted in lieu of an evidentiary hearing. (Resp. Exh. G, P. 41).

for relief:

    (1)    That the prosecutor committed a discovery violation, by failing to disclose Terry Pohlmann[2] as a potential witness;

    (2)    That Petitioner received ineffective assistance of counsel, in that trial counsel failed to call Gerald Stringer and Donald Dubray as defense witnesses;

    (3)    That Petitioner received ineffective assistance of counsel, in that trial counsel failed to call Kenneth Lee as a defense witness;

    (4)    That Petitioner received ineffective assistance of counsel, in that trial counsel failed to investigate and discover the identity and knowledge of Terry Pohlmann;

    (5)    That Petitioner received ineffective assistance of counsel, in that trial counsel failed to rehabilitate defense witness Ronnie Prater, after the prosecutor impeached Prater's claim that he had not seen any blood on the victim's clothing after the stabbing; and

    (6)    That Petitioner received ineffective assistance of counsel, in that trial counsel failed to investigate, discover and present evidence of the board the victim used as a club during the altercation.

(§ 2254 Petition, PP. 4-9). The Court will address the claims in turn.

## DISCUSSION

**A.**    **<u>Procedural Default</u>**

As stated above, in Grounds 2, 5, and 6 of his petition, Petitioner asserts he received ineffective assistance of counsel, in that trial counsel: failed to call Gerald Stringer and Donald Dubray as defense witnesses; failed to rehabilitate defense witness Ronnie Prater, after the prosecutor impeached Prater's claim that he had not seen any blood on the victim's clothing after the stabbing; and failed to investigate, discover and present evidence of the board the victim used as a club during the altercation. (§ 2254 Petition, PP. 5-6, 8-9). Although Petitioner raised the claims asserted in

---

[2] This individual's name sometimes is spelled "Pohlman" in the state court records. Where those records are quoted in this Order, the misspelling has been corrected.

Grounds 2, 5, and 6 in his post-conviction motion, a review of the record reveals he failed to pursue the claims on appeal of the denial of the motion.

A claim must be presented at each step of the judicial process in state court to avoid procedural default. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir.), citing Benson v. State, 611 S.W.2d 538, 541 (Mo. App. 1980), cert. denied, 513 U.S. 983 (1994). "Failure to raise a claim on appeal from the denial of a post-conviction motion erects a procedural bar to federal habeas review." Id., citing Gilmore v. Armontrout, 861 F.2d 1061, 1065 (8th Cir. 1988). Because Petitioner failed to raise the claims stated in Grounds 2, 5, and 6 of the instant petition on appeal of the denial of his post-conviction motion, the federal court cannot reach the merits of the claim absent a showing of cause and prejudice, or a demonstration "that failure to consider the federal claim[s] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991) (internal quotations and citations omitted); Forest v. Delo, 52 F.3d 716, 719 (8th Cir. 1995); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir.), cert. denied, 515 U.S. 1163 (1995). Petitioner has not shown cause for his failure to raise the claims in state court.[3] In addition, because Petitioner makes no claim of actual innocence, he cannot satisfy the "fundamental miscarriage of justice" exception to the required showing of cause and prejudice. Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); Washington v. Delo, 51 F.3d 756, 760-761 (8th

---

[3] Petitioner attempts to establish cause for his procedural default, by asserting his post-conviction appellate counsel erroneously abandoned the issues on appeal of the denial of his Rule 29.15 motion. (Petitioner's Reply to Response to Order to Show Cause why a Writ of Habeas Corpus should not be Granted, PP. 17-19). The Court notes there is no constitutional right to effective assistance of post-conviction counsel. Jolly, 28 F.3d at 54, citing Nolan v. Armontrout, 973 F.2d 615, 617 (8th Cir. 1992). Further, under Eighth Circuit law, "it is well-established that any alleged ineffective assistance of post-conviction counsel in failing to raise a claim is insufficient as a matter of law to serve as cause for procedural default." Battle v. Dormire, 2007 WL 803624 at *4 (E.D. Mo. Mar. 13, 2007), citing Clay v. Bowersox, 367 F.3d 993, 1005-1006 (8th Cir. 2004). Thus, to the extent Petitioner asserts the errors of his post-conviction attorney constitute cause to excuse his procedural default, his argument fails. Battle v. Dormire, 2007 WL 803624 at *4.

Cir.), cert. denied, 516 U.S. 876 (1995). Therefore, the claims raised in Grounds 2, 5, and 6 of the instant petition are procedurally barred and must be denied.

**B.      Claims Addressed On The Merits**

    **1.      Ground 1**

As stated above, in Ground 1 of his petition Petitioner asserts the prosecutor committed a discovery violation, by failing to disclose Terry Pohlmann as a potential witness. (§ 2254 Petition, PP. 4-5). Petitioner maintains Mr. Pohlmann's testimony regarding the victim's pre-fight behavior would have substantiated his claim of self-defense. (Id.). Petitioner raised this claim on direct appeal of his convictions, and the Missouri Court of Appeals denied the claim as follows:

> After trial but before Defendant's sentencing[4], defense counsel became aware of another potential witness, Terry Pohlmann ("Pohlmann"). An affidavit was immediately obtained from Pohlmann. It was filed as an exhibit with the trial court and included in Defendant's motion for new trial. The affidavit states in relevant part that Pohlmann was at the scene of the assault but was working in the basement of the house. Pohlmann alleges that he saw Eric Nelson ("Victim") come down the steps to go outside with a wooden board and that he heard Victim say "Watch this." After hearing some commotion, Pohlmann alleges he walked outside to find Victim lying on the ground believing he was dying. Pohlmann alleges that he could see Victim's chest wound and that he administered first-aid to stop the bleeding until paramedics arrived. The affidavit further states that Pohlmann called the office of the prosecuting attorney and spoke with a prosecutor sometime after the incident. Pohlmann states that he was told he would be called if needed, but he was never called. On the third and final day of trial, Pohlmann alleges he was introduced by Travis to one of the prosecutors as "the man who saved [Victim's] life." As he explained to her what he saw, the other prosecutor asked if he had actually seen the stabbing. Pohlmann responded that he had not, and the prosecutors allegedly told him to say nothing more.
>
> In his sole point on appeal, Defendant claims that the trial court abused its discretion in denying Defendant's motion for new trial that alleges the prosecuting attorney committed a discovery violation. Defendant claims the trial court erred in that the State knew of Pohlmann as a potential witness and did not disclose him to defense counsel until after trial. Defendant claims

---

[4] Petitioner is referred to as "Defendant" by the Missouri Court of Appeals.

that the trial court abused its discretion in denying his motion for new trial because the State's nondisclosure prejudiced Defendant's self-defense argument at trial and Pohlmann's proposed testimony was material to Defendant's defense. We disagree.

The trial court's denial of a motion for new trial is reviewed for an abuse of discretion. State v. Albanese, 9 S.W.3d 39, 45 (Mo. App. 1999). In addition, the standard for reviewing a claim that a defendant was denied meaningful discovery is whether the trial court abused its discretion to such an extent as to result in fundamental unfairness. State v. Rippee, 118 S.W.3d 682, 685 (Mo. App. 2003). A trial court abuses its discretion only when its ruling is clearly against the logic of the circumstances then before it and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. State v. Neff, 978 S.W.2d 341, 345 (Mo. banc 1998).

New trials based on the post-trial discovery of new evidence are not favored, and the trial court has substantial discretion in ruling on such claims. State v. Haley, 73 S.W.3d 746, 754 (Mo. App. 2002). A reviewing court is less deferential, however, to the trial court's decision to deny a motion for new trial than when the court has granted such relief. See State v. Stone, 869 S.W.2d 785, 787 (Mo. App. 1994). In order to be entitled to a new trial based on evidence discovered after trial, a defendant must show: (1) the evidence has come to his knowledge since conclusion of the trial; (2) it was not owing to want of due diligence that the evidence was not discovered earlier; (3) it is not cumulative only or merely impeaching the credibility of a witness; and (4) the evidence is so material that it would probably produce a different result on a new trial. State v. Rutter, 93 S.W.3d 714, 730 (Mo. banc 2002).

Rule 25.03(A) requires that, upon the request of the defendant, the State must disclose all material information within its possession or control. The purpose of such discovery is to provide the defendant with an appropriate opportunity to avoid surprise and to prepare for trial in advance. Rippee, 118 S.W.3d at 684. The State cannot violate Rule 25.03 unless Defendant makes a proper request for the material or information discoverable under the Rule. State v. Flemming, 855 S.W.2d 517, 519 (Mo. App. 1993).

Compliance with criminal discovery rules is not discretionary. State v. Smothers, 605 S.W.2d 128, 131 (Mo. banc 1980). While compliance with these discovery rules is mandatory, violations are not reversible error unless they result in fundamental unfairness or prejudice to a defendant's substantial rights. Id. In addition, to require the granting of a new trial, the undisclosed evidence must be material, which means that if the evidence had been disclosed to the defense, the result might have been different. State v. Cook, 5 S.W.3d 572, 576 (Mo. App. 1999). The burden of showing the materiality

of the evidence which was not disclosed falls upon the defendant. State v. Bollman, 813 S.W.2d 22, 25 (Mo. App. 1991).

In this case, Defendant's pre-trial discovery request asked only that the State "disclose to the defendant...[t]he names and last known addresses of persons whom the State intends to call as witnesses..." It also asked that the State provide "[a]ny material or information, within the possession or control of the State, which tends to negate the guilt of the defendant..." The State provided the information that was requested. Pohlmann was not disclosed to defense counsel not only because he was not going to be a witness but also because the prosecutor had no knowledge of his presence at the scene of the incident in question. Rule 25.03 does not require the State to disclose what it does not have. State v. Johnston, 957 S.W.2d 734, 749 (Mo. banc 1997). Here, the evidence "was not undisclosed; it was undiscovered. This ends the inquiry." See id. Also, contrary to Defendant's assertion, Pohlmann's testimony would not have negated, or even mitigated, Defendant's guilt. Pohlmann does not claim to have even witnessed the fight, nor would his testimony change the evidence that Defendant drove into town, checked to see if Victim owned a gun, armed himself with a knife and a bat, went to Victim's house, threatened him repeatedly, and called him out to fight.

Defendant also argues, however, that the prosecutor knew of Pohlmann's story and did not disclose this potential witness to the defense, which resulted in prejudice and fundamental unfairness to Defendant. Consequently, Defendant argues that the trial court erred in denying his motion for new trial based on the newly discovered evidence because the evidence was unknown to defense counsel at trial. Defendant claims that there was no lack of due diligence on defense counsel's part in not discovering Pohlmann's potential testimony earlier. Due diligence is "that degree of assiduity, industry or careful attention called for under the circumstances of the case and does not require impeccable, flawless investigation in all situations." Higgins v. Star Electric, Inc., 908 S.W.2d 897, 903-04 (Mo. App. 1995). In this case, however, it appears that minimal interviewing of witnesses would have led defense counsel to Pohlmann. One of the prosecution's witnesses, who was working on the house with Victim, testified at trial that "Terry" was at the house as well, though the witness did not know the man's last name. Cross-examination or questioning of other witnesses most likely would have led defense counsel to Pohlmann prior to the end of trial. If Pohlmann was at the house when the incident occurred, other witnesses easily could have led Defendant to this information.

Moreover, the evidence must be "so material that it would probably produce a different result on a new trial" for Defendant to be entitled to relief. This is, as Defendant acknowledges, the most significant factor. To meet the requirement that newly discovered evidence would probably produce a different result on retrial, the evidence need only be credible and reasonably

sufficient to raise a substantial doubt in the mind of a reasonable person as to the result in the event of a new trial. State v. Stone, 869 S.W.2d 785, 787 (Mo. App. 1994). The evidence in the case at bar does not meet this standard because it is not so material as to affect the outcome of the trial.

The affidavit does not contradict the evidence that Defendant was the initial aggressor, and therefore, it would not be helpful to Defendant's self-defense argument. The assertion that Victim stated "Watch this" as he confronted Defendant is not evidence that is so material as to affect the outcome of the trial and lead the jury to find that Victim attacked Defendant. Also, when considering the new evidence at the sentencing hearing, the trial court did not find the evidence that Pohlmann had spoken to the prosecutors to be credible. Accordingly, the trial court did not abuse its discretion in denying Defendant's motion for new trial because the new evidence was not sufficient to raise a substantial doubt in a reasonable jury as to the outcome of a new trial.

Defendant maintains in his brief that the State violated Brady v. Maryland, 373 U.S. 83 (1963). There, the Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Id. at 87. In this case, the prosecution did not even know of the evidence potentially favorable to Defendant, thus it did not fit within the discovery request. Also, constitutional error occurs in the failure of the State to disclose evidence only if the evidence is material in the sense that its suppression undermines confidence in the outcome of the trial. Bollmann, 813 S.W.2d at 25; State v. Carter, 939 S.W.2d 556, 558 (Mo. App. 1997). That is clearly not the case here. Defendant has not met the burden of showing that the result of the proceeding would have been different had the evidence, if known before the end of trial, been disclosed. Point denied.

(Respondent's Exh. D, PP. 2-7 (footnote omitted)).

With respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in pertinent part as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

In order to establish a violation of Brady, Petitioner must show that: "(1) the prosecution suppressed evidence, (2) the evidence was favorable to the accused, and (3) the evidence was material." Dye v. Stender, 208 F.3d 662, 665 (8th Cir. 2000) (citation omitted). See also Patel v. Dormire, 609 F.Supp.2d 884, 887 (E.D. Mo. 2009). "Evidence is considered material when a reasonable probability exists that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Dye, 208 F.3d at 666 (internal quotations and citations omitted).

Upon consideration, the Court finds that the State Court's ruling is entitled to deference, for two reasons. First, during Petitioner's sentencing hearing the prosecutor stated that he had no knowledge of Mr. Pohlmann until after the trial was over, although it was possible that an intoxicated individual who had approached him at the end of trial could have been Pohlmann. (Resp. Exh. L, PP. 11, 13). The State Court Judge stated Pohlmann's affidavit did not persuade him, "that there was a meaningful contact or contact such that the State was advised of this person or should have disclosed this person's existence." (Id., P. 20). This decision did not constitute an unreasonable determination of the facts in light of the evidence presented in the State court proceeding, and thus must be upheld.

Second, the Court finds that, even assuming the prosecutor withheld knowledge of Pohlmann's existence, the evidence at issue was not material. In other words, Pohlmann's assertion that the victim stated, "Watch this" before heading outside would not have contradicted the evidence cited by the Missouri Court of Appeals that Petitioner was the initial aggressor. Petitioner thus fails to establish a reasonable probability that, had the evidence been disclosed to the defense, the result

of the proceeding would have been different, and so "the state court's analysis of Petitioner's Brady claim was not contrary to, or involve an unreasonable application of, clearly established federal law." Patel, 609 F.Supp.2d at 887; Dye, 208 F.3d at 666. Ground 1 of Petitioner's § 2254 petition will therefore be denied.

**2.    Ground 3**

As stated above, in Ground 3 of his petition Petitioner asserts he received ineffective assistance of counsel, in that trial counsel failed to call Kenneth Lee as a defense witness. (§ 2254 Petition, P. 6). Petitioner maintains Mr. Lee's testimony would have been relevant to his claim of self-defense, as Lee would have testified that the alleged victim attacked Petitioner with a board, thus provoking Petitioner to defend himself. (Id.). Petitioner raised this claim before the 29.15 post-conviction motion court, and the court denied the claim as follows:

> 1.    Movant[5] alleges several points where he was denied due process of law and effective assistance of counsel. In order to prevail on a claim of ineffective assistance of counsel, Movant must prove by a preponderance of the evidence that counsel was ineffective by failing to exercise the customary skill and diligence that a reasonably competent attorney would exercise in similar circumstances, and that movant was prejudiced as a result. State v. Link, 25 S.W. 3d 136, 149 (citing State v. Clay, 975 S.W.2d 121, 135 (Mo. banc 1991) and Strickland v. Washington, 466 U.S. 668, 687-88 (1984)). If either requirement is not met, then a claim for ineffective assistance of counsel will fail. To prove prejudice, a defendant must show a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." State v. Shurn, 866 S.W.2d 447, 468 (Mo. banc 1993).
>
> 3.    In point 8(b) of Movant's motion, Movant alleges he was denied due process of law and effective assistance of counsel in that trial counsel failed to call Kenneth Lee to testify that the victim attacked and provoked Movant, justifying Movant's actions of stabbing the victim thus supporting Movant's theory of self-defense. Movant submitted the pre-trial deposition of Kenneth Lee in support of his allegation. Based upon Kenneth Lee's deposition testimony, Mr. Lee would have testified, like other witnesses did at trial, that the victim exited the residence with a board to confront Movant. (Deposition

---

[5] Petitioner is referred to as "Movant" by the post-conviction motion and appellate courts.

transcript of Kenneth Lee p. 9 lines 8-9). Lee stated there was an exchange of words, then Movant threw the bat and started stabbing the victim. (Lee Depo. Tr., p. 7 lines 18-23). Lee stated Movant threw the bat with his left hand and to injure the victim. (Lee Depo. Tr., p. 17 lines 17-24). Kenneth Lee testified the victim "may have hit" Movant with the board once. (Lee Depo. Tr., p. 18 lines 21-25). He also testified the victim wanted to go outside and have a confrontation (Lee Depo. Tr., p. 14 lines 6-11).

Kenneth Lee's deposition testimony is not inconsistent with the State's theory advanced at trial. The State never denied the victim exited the residence carrying a board and in fact elicited such testimony from their own witnesses. The State's theory was that Movant drove a lengthy distance to look for the victim and upon finding him, called the victim out, threw a miniature bat, hitting the victim and allowing Movant time to get to the victim in order to stab him. Lee's testimony that the victim wanted to go outside and have a confrontation and that Eric "may have" hit Movant with the board once is insufficient to establish a reasonable probability that the results of the trial would have been different. Lee's proffered testimony as to the victim going outside with a board for a confrontation is cumulative to evidence presented at trial. Lee's testimony that the victim wanted to have a confrontation is an unsupported claim, is speculative and therefore inadmissible. His testimony that the victim "may have" hit Movant and that Movant threw a bat at the victim then stabbed him would have, at most, a mixed impact if any at all.

There must be a clear showing that failure to call a witness was not trial strategy. There is no clear showing when a witness's testimony will have a mixed impact. Bucklew v. State, 38 S.W.3d 395, 398 (Mo. banc 2001) (citing Davis v. Executive Director of Department of Corrections, 100 F.3d 750, 765-766 (10th Cir. 1996). There is also no clear showing when a witness's testimony is cumulative to evidence already presented. Id. (citing Skillicorn v. State, 22 S.W.3d 678, 686 (Mo. banc 2000)). Counsel is not ineffective for not presenting cumulative evidence. Skillicorn v. State, 22 S.W.3d 678, 686 (Mo. banc 2000) (citing State v. Johnson, 957 S.W.2d 734, 755 (Mo. banc 1991)). If a potential witness's testimony would not unqualifiedly support a defendant, the failure to call such a witness does not constitute ineffective assistance. State v. Jones, 885 S.W.2d 57, 58 (Mo. App. W.D. 1994).

The issues of investigating and calling witnesses that might possibly support a defense theory fall within trial strategy and cannot be said to have been objectively unreasonable. State v. Clay, 975 S.W.3d 121, 144 (Mo. banc 1998). Trial counsel took the deposition of Kenneth Lee, subpoenaed Lee for trial, was aware Lee was present in the courthouse for trial and conducted an interview of Lee prior to deciding not to call him as a witness. (Deposition Transcript of Charles James, pages 12-14). Trial counsel, who has been a

criminal defense attorney for 29 years and had close to 200 criminal jury trials, determined, after a thorough investigation and during the trial of this matter that Lee would not be a favorable witness. (James Depo. Tr., p. 10 lines 18-24; p. 36 lines 12-21; p. 49 lines 3-9). Trial counsel's decision not to call a witness is presumed to be trial strategy unless otherwise clearly shown. Bucklew v. State, 38 S.W.3d 395, 398 (Mo. banc 2001) (citing State v. Clay, 975 S.W.2d 121, 143 (Mo. banc 1998)). A strategic choice made after thorough investigation is essentially unchallengeable. Bucklew at 398 (citing State v. Ramsey, 864 S.W.2d 320, 340 (Mo. banc 1993)). Movant has not clearly shown the failure to call Kenneth Lee was not trial strategy. Furthermore, the mixed impact and cumulative nature of Lee's testimony does not give rise to a showing of a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Movant was not prejudiced. Movant's point 8(b) is denied.

(Resp. Exh. G, PP. 42, 43-44). Petitioner advanced the claim on appeal of the denial of his Rule 29.15 motion, and the Missouri Court of Appeals denied the claim as follows:

> To prove ineffective assistance of counsel, Movant must demonstrate that counsel's performance: (1) failed to conform to the degree of skill, care and diligence of a reasonably competent attorney and (2) prejudiced movant. *Strickland v. Washington*, 466 U.S. 668; *Deck v. State*, 68 S.W.3d 418, 425 (Mo. banc 2002).
>
> To satisfy [] the first prong of the *Strickland* test, Movant must overcome a presumption that the challenged action constituted sound trial strategy. *State v. Hall*, 982 S.W.2d 675, 680 (Mo. banc 1998). The second *Strickland* prong necessitates that Movant "show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Id.*
>
> In his first point, Movant argues that the motion court erred in overruling his motion because trial counsel was ineffective for failing to call Kenneth Lee as a witness. More specifically, Movant argues that Lee would have offered testimony that Nelson was the aggressor, not Movant, which would have helped Movant's defense of self defense. The State responds, *inter alia*, that it was reasonable trial strategy for trial counsel to not call Lee.
>
> Regarding a claim of ineffective assistance of counsel for failing to investigate and call witnesses, a movant must plead and prove that: 1) trial counsel knew or should have known of the existence of the witness; 2) the witness could have been located through reasonable investigation; 3) the witness would have testified if called; and 4) the testimony would have provided a viable defense. *Hutchison v. State*, 150 S.W.3d 292, 304 (Mo. banc 2004).

Here, trial counsel knew of Kenneth Lee. He testified that he had taken Lee's deposition before trial and thought that Lee might be a favorable witness. However, trial counsel thought that he did not "pin him down" so he tried to get in touch with Lee before the trial started. When he did get in touch with Lee, Lee told him that he was subpoenaed by the State and "had been kept upstairs in the Prosecutor's witness room."

At that point, trial counsel was able to talk to Lee about the case. He was able to ask "pointed" questions that he did not ask during the deposition. Trial counsel testified that during that discussion, Lee was "hostile" toward Movant and said that Movant had attacked Nelson in the fight. Lee told trial counsel that Movant was the aggressor. He indicated that it "was all [Movant's] fault" and Movant "didn't have to stab him." Trial counsel testified "I knew he wasn't going to try to help us, I knew that for a fact."

Counsel's decision to not call a witness to testify is presumptively a matter of trial strategy and will not support a movant's claim of ineffective assistance of counsel unless the movant clearly establishes otherwise. *Whited v. State*, 196 S.W.3d 81, 82 (Mo. App. E.D. 2006). Here, Counsel's decision not to call Lee was clearly a matter of trial strategy. Counsel stated that after he talked to Lee, he knew that he "wasn't going to help us" and decided not to call him as a witness.

To defeat a motion for post-conviction relief on the grounds of trial strategy, the record must reflect a reasonable basis for counsel's decision not to introduce the particular witness. *Wilkes v. State*, 82 S.W.3d 925, 930 (Mo. banc 2002). Here, there is clearly a reasonable basis for trial counsel's decision not to introduce Lee. Lee's position that Movant was the aggressor would have been unfavorable testimony for Movant. Thus, we find that the motion court did not clearly err in denying Movant's claim that trial counsel was ineffective for failing to call Lee as a witness. Point denied.

(Resp. Exh. J, PP. 4-6 (footnote omitted)).

As stated above, with respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

Upon consideration, this Court finds the decision of the Missouri courts is entitled to deference. Under federal law, in order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. To do so, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Upon consideration, the Court finds Petitioner fails to satisfy the first prong of the Strickland test, i.e., that his trial counsel's performance was deficient. Specifically, the Court notes that during his deposition, Petitioner's attorney testified that although it initially appeared Mr. Lee might be a favorable witness, further communication revealed he harbored hostility toward Petitioner. (See, e.g., Resp. Exh. H, PP. 81-82). In light of these circumstances, the Court finds trial counsel's decision not to call Kenneth Lee as a witness represented reasonable trial strategy, and thus fell within the "wide range of professionally competent assistance" sanctioned by Strickland. See 466 U.S. at 690

(decisions relating to trial strategy are "virtually unchallengeable"). Petitioner's request for habeas relief on this ground must therefore be denied.[6]

### 3. **Ground 4**

As stated above, in Ground 4 of his petition Petitioner asserts he received ineffective assistance of counsel, in that trial counsel failed to investigate and discover the identity and knowledge of Terry Pohlmann. (§ 2254 Petition, P. 7-8). Petitioner maintains Mr. Pohlmann was present at the altercation, and his testimony would have supported Petitioner's claim of self-defense. (Id.). Petitioner raised this claim before the 29.15 post-conviction motion court, and the court denied the claim as follows:

> 4. Movant alleges in point 8(c), he was denied due process of law and effective assistance of counsel in that trial counsel failed to make an adequate investigation prior to trial in that he failed to discover the identity and knowledge of Terry Pohlmann who was a witness to the assault with which movant was found guilty. Movant further alleges Terry Pohlmann's testimony would have supported Movant's self defense theory of the case. Terry Pohlmann's affidavit is a part of the Court's file.
>
> To succeed on a claim of lack of investigation, movant must allege what specific information Movant's trial counsel failed to discover, that a reasonable investigation would have disclosed that information and the information would have aided the movant or improved the Movant's position. Fox v. State, 819 S.W.2d 64, 66 (Mo. App. E.D. 1991) (citing Blackmon v. State, 767 S.W.2d 81, 83 (Mo. App. S.D. 1989)). In the affidavit of Terry Pohlmann, he does not claim to have witnessed the fight. The Affidavit does not contradict the evidence that Movant was the initial aggressor and therefore it would not be helpful to Movant's self-defense argument. This issue was disposed of on appeal. In State v. Bridges, E.D. 83285, the Court of Appeals found
>
>> ...contrary to Defendant's assertion, Pohlmann's alleged testimony would not have negated or even mitigated, Defendant's guilt. Pohlmann does not claim to have even witnessed the fight, nor would his testimony change the evidence that Defendant drove into town,

---

[6] In light of the Court's ruling that trial counsel's performance was not deficient, it need not consider whether Petitioner suffered prejudice.

> checked to see if Victim owned a gun, armed himself with a knife and a bat, went to Victim's house, threatened him repeatedly, and called him out to fight.
>
> The Court of Appeals also found the assertion that victim stated "watch this" as he confronted defendant was not evidence that was so material as to affect the outcome of the trial and lead the jury to find the victim attacked the defendant. The Court of Appeals held Defendant did not meet the burden of showing that the result of the proceeding would have been different had the evidence, if known before the end of the trial, been disclosed.
>
> There has been no showing that the information contained in Terry Pohlmann's affidavit would have aided or improved Movant's position. Movant fails to show that, but for counsel's failure to identify and call Terry Pohlmann as a witness, there was a reasonable probability that the result would have been different. This Court finds Movant has not shown a reasonable probability that the result of the trial would have been different had Terry Pohlmann been called to testify on Movant's behalf. There was no prejudice to Movant in counsel's failure to identify Terry Pohlmann as a witness and call him as a witness at trial. Movant's point 8(c) is denied.

(Resp. Exh. G, PP. 44-45). Petitioner advanced the claim on appeal of the denial of his Rule 29.15 motion, and the Missouri Court of Appeals denied the claim as follows:

> In his second point, Movant argues that the motion court erred in denying his ineffective assistance of counsel claim for his trial attorney's failure to identify and call Terry Pohlmann as an eyewitness. He argues that Mr. Pohlmann would have testified that he saw Nelson leaving the house with a board and that Nelson said "watch this" on his way out. Movant argues that this evidence went directly to the heart of his defense that Nelson was the aggressor.
>
> As we said above, the movant must plead and prove that: 1) trial counsel knew or should have known of the existence of the witness; 2) the witness could have been located through reasonable investigation; 3) the witness would have testified if called; and 4) the testimony would have provided a viable defense. *Hutchison v. State*, 150 S.W.3d 292, 304 (Mo. banc 2004).
>
> Here, Movant has not established Pohlmann's testimony would have provided a viable defense, the last prong of the test. Movant relies on the deposition testimony of trial counsel to show the importance of Pohlmann's affidavit, which was filed at the time of the sentencing. However, there is no evidence that Pohlmann would claim to have seen the fight. Rather, trial counsel testified that Pohlmann would have testified that he saw Nelson with

- 15 -

the board and that Nelson said "watch this." The fact that Nelson had the board would have been cumulative testimony. Multiple witnesses at trial testified that Nelson carried the board when he went out to meet Movant. Moreover, the testimony that Nelson said "watch this" as he left the house does not contradict the evidence that Movant was the initial aggressor.

> This issue arose on Movant's direct appeal. On appeal, Movant argued that the prosecution committed a discovery violation by withholding Pohlmann as a witness. This court found that rather than the prosecution's error, it was Movant's trial counsel who failed to discover Pohlmann through a lack of due diligence. The court further found that the evidence was not so material it would produce a different result on retrial because it did not contradict the evidence that Movant was the aggressor. Although the direct appeal concerned a different issue, we find this reasoning persuasive.

> When the testimony of the witness negates an element of the crime for which a movant was convicted, the testimony provides the movant with a viable defense. *Whited*, 196 S.W.3d at 82. Pohlmann's potential testimony did not refute the claim that Movant was the aggressor. Movant drove forty-five minutes to confront Nelson, armed himself with a bat and a knife and stabbed Nelson multiple times even after Nelson had dropped the board. Pohlmann's testimony that Nelson said "watch this," before going out the door is not specific enough to refute the evidence that Movant was the aggressor. Point denied.

(Resp. Exh. J, PP. 6-7).

As stated above, with respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

As stated above, under federal law, in order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland, 466 U.S. at 687. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. To do so, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

With respect to Petitioner's claim his trial counsel was ineffective for failing to investigate and present evidence from Terry Pohlmann, the Court holds it need not consider whether Petitioner's counsel's performance was deficient, as Petitioner fails to demonstrate the requisite prejudice; in other words, he fails to establish that absent his counsel's alleged error, the result of the proceeding would have been different. Specifically, the Court notes that in his affidavit, Mr. Pohlmann never asserts he witnessed the altercation. (See Petitioner's Exh. 1, Doc. No. 1-1, P. 2). Rather, Mr. Pohlmann states only that he saw the victim with a board in his hand, and heard the victim say "watch this" as he exited the residence. (Id.). As noted by the Missouri courts, multiple witnesses testified at trial that the victim was carrying a board when he went outside to meet Petitioner, and so this portion of Mr. Pohlmann's testimony would have been cumulative. Further, the Court agrees that testimony that the victim allegedly said "watch this" as he confronted Petitioner "is not evidence that is so material

- 17 -

as to affect the outcome of the trial and lead the jury to find that Victim attacked Defendant." (Resp. Exh. D, P. 6). In light of the foregoing, the Court finds that with this claim Petitioner fails to prove, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Petitioner's request for habeas relief on this ground must therefore be denied.[7]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

---

[7] In light of the Court's ruling that Petitioner suffered no prejudice, it need not consider whether trial counsel's performance was constitutionally deficient.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 23rd day of July, 2010.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE